IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff.*<br>v.<br><br>LARVON LANGLEY,<br><br>*Defendant.* | CRIMINAL NO.:  ELH-12-0311<br>(RELATED CIVIL NO.:  ELH-16-195) |

**MEMORANDUM**

This Court has received correspondence from Larvon Langley (ECF 63; ECF 64; ECF 65), in which he complains that he was unlawfully sentenced under the Armed Career Criminal Act ("ACCA"). In support of his contention, Langley has cited, *inter alia*, *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Stinston v. United States*, 113 S. Ct. 913 (1993).

Pursuant to an Order of January 22, 2016 (ECF 67), the Court gave notice that it construed ECF 64 as a motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255 (the "Petition").[1] Therefore, the Court directed the government to respond to Mr. Langley's Petition. The government responded on February 3, 2016. ECF 70. In a letter docketed June 13, 2016 (ECF 76), Mr. Langley reiterated his claim that he is entitled to relief under *Johnson*.

Under 28 U.S.C. § 2255(b), a hearing is required "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . . ." In my view, no hearing is necessary.

For the reasons that follow, I shall DENY the Petition.

---

[1] As ECF 63; ECF 65; and ECF 76 advance contentions similar to those set forth in ECF 64, I shall construe the letters collectively as the Petition.

I.      **Factual and Procedural Background**

Pursuant to a Plea Agreement dated October 22, 2012 (ECF 27), Mr. Langley entered a plea of guilty in open court on December 6, 2012 (ECF 26) to Count One of an Indictment charging him with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). In advance of sentencing, the United States Probation Office completed a presentence report ("PSR") for the defendant (ECF 34), discussed, *infra*.

The defendant was sentenced on November 13, 2013 (ECF 54; ECF 55; ECF 56). The defendant's final offense level was determined to be 31, with a criminal history category of VI. Under the Advisory Sentencing Guidelines, the range of imprisonment was 188 to 235 months. At sentencing, the Court determined that the defendant was an Armed Career Criminal. Therefore, pursuant to 18 U.S.C. § 924(e)(1), the Court imposed the mandatory minimum sentence of 180 months' incarceration.[2]

On August 24, 2015, the Court docketed correspondence from Mr. Langley (ECF 63), indicating his view that he was unlawfully sentenced under the ACCA "do [sic] to the use of the PSR." ECF 63 at 1. In particular, he complained that one of the charges used to enhance his sentence "was a simple possession of a fire arm [sic] that was used as an 4B1.4 offence [sic] that should not have been used against [him]." He cited, *inter alia*, *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Stinson v. United States*, 113 S. Ct. 913 (1993), to support his position.

By letter docketed August 31, 2015 (ECF 64), Mr. Langley again wrote to the Court, stating, in part: "I see that I have an issue do [sic] the new [case of] *Johnson v. United States* June 26 [20]15." Complaining that his sentence was unlawfully enhanced by a prior offense of

---

[2] Section 924(e)(1) of 18 U.S.C. states, in part: "In the case of a person who violates § 922(g) of this title and has three previous convictions by any court referred to in § 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years. . . ."

possession of a firearm that should not have been considered, Mr. Langley asserted: "Now that *Johnson v. United States* has come out, my offense would not still trigger the (ACCA) nor would this conviction any longer be used under the 'Cachall' Clause, The residual Clause 18 U.S.C. 924(e)(2)(B)(ii)." He also asserted that "the felon in possession offense is not a crime of violence."

Mr. Langley again wrote to the Court by letter dated October 27, 2015, docketed on November 19, 2015. ECF 65. He reiterated that he was erroneously found to be an armed career criminal.

Thereafter, on November 20, 2015, I wrote to the Office of the Federal Public Defender ("OFPD"), enclosing Mr. Langley's letter of November 19, 2015. ECF 16. I indicated that in ECF 65, Mr. Langley sought a court-appointed attorney to challenge his ACCA status. The OFPD has declined to enter an appearance for Mr. Langley.

As noted, by Order of January 22, 2016, I issued an Order indicating that I had construed Mr. Langley's correspondence (ECF 64) as a Motion to Vacate, Set Aside or Correct Sentence, and I directed the government to respond. A few days later, on January 29, 2016, I received a motion from the government to stay proceedings. ECF 68. In its motion for a stay, the government explained that it "believe[d] the petitioner's allegations implicate *Johnson v. United States*, 135 S. Ct. 2551 (2015)," and thus a stay was appropriate under the Standing Order issued by Chief Judge Catherine Blake, dated November 12, 2015, with respect to post-conviction cases implicating *Johnson*. *See* ECF 68. I granted the government's motion for a stay on the same date. ECF 69. However, soon after, on February 10, 2016, I received the government's response to the Petition (ECF 70), in which it addressed the merits of Mr. Langley's Petition.

Therefore, I issued an Order dated May 12, 2016 (ECF 71), asking the government to clarify its position as to the stay that it had previously requested. In a letter dated May 13, 2016 (ECF 72), the government clarified that it no longer wished to stay this case.

Additional facts are included in the Discussion.

## II. Discussion

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack. In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard[ ]' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same).

The scope of review of non-constitutional error is more limited than that of constitutional error. A non-constitutional error provides a basis for collateral attack only when it involves ""a fundamental defect which inherently results in a complete miscarriage of justice"" or is "inconsistent with the rudimentary demands of fair procedure." *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

"[A] mistaken career offender designation is not cognizable on collateral review." *Newbold*, 791 F.3d at 459 (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)). In contrast, a defendant may challenge on collateral review an alleged erroneous determination that he qualifies as an armed career criminal and has thus "'received a punishment that the law cannot impose upon him.'" *Newbold*, 791 F.3d at 460 (citation omitted). In *Johnson*, the Supreme Court struck the residual clause of the ACCA, as unconstitutionally vague. 135 S. Ct. at 255-57. *Johnson* announced a new substantive rule entitled to retroactive effect. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *In re: Hubbard*, ____ F. 3d ____, 2016 WL 3181417 (4th Cir. June 8, 2016). The question, then, is whether Mr. Langley was properly designated as an Armed Career Criminal.

Pursuant to 18 U.S.C. § 924(e) (1), an Armed Career Criminal is an individual who violates 18 U.S.C. § 922(g), and who has three prior convictions for either a "violent felony" or a "serious drug offense," or both. By statute, a person who qualifies as an Armed Career Criminal is subject to a mandatory period of imprisonment of not less than fifteen years, in accordance with the Armed Career Criminal Act.

As noted, Section 924(e)(1) of 18 U.S.C. states, in part: "In the case of a person who violates § 922(g) of this title and has three previous convictions by any court referred to in § 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years. . . ." Among other things, 18 U.S.C. § 922(g)(1) renders it illegal for a felon to possess a firearm.

Section 924(e)(2)(A) defines the term "Serious Drug Offense." As defendant's prior offenses are all under Maryland law, § 924(e)(2)(A)(ii) is relevant. It defines a serious drug

offense as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]"

Thus, in order to qualify as a serious drug offense, defendant's prior Maryland convictions must have prescribed a potential maximum term of imprisonment of at least ten years. Maryland Code, Criminal Law Article ("C.L.") §§ 5-602 and 5-608 are relevant. C.L. § 5-602 of the 2012 Replacement Volume of the Maryland Code prohibits the felony offenses of distribution of a controlled dangerous substance ("CDS"), and possession with intent to distribute CDS. C.L. § 5-608 establishes various penalties, and sets a penalty of imprisonment not exceeding 20 years for the first offense under § 5-602 if it involves a Schedule I or Schedule II narcotic drug. C.L. § 5-101(f) defines "controlled dangerous substance." The drugs that appear on Schedule I and Schedule II are set forth in C.L. § 5-402 and C.L. § 5-403, respectively. Heroin is found in Schedule I, at C.L. § 5-402(c)(xv). Cocaine is designated as a Schedule II substance, at C.L. § 5-403(b)(3)(iv); *see also Hurt v. State*, 2015 WL 5926870, at *4 (Md. Court of Special Appeals Sept. 4, 2015).

The defendant's Presentence Report is filed under seal at ECF 34. It reflects a long adult criminal history, dating to 1987. For the purpose of calculating Langley's criminal history, however, not all of the defendant's prior convictions scored any points. With respect to the matter of Armed Career Criminal status, the PSR reflected the following qualifying convictions, all in the Circuit Court for Baltimore City.

Paragraph 40 of the PSR indicates that in 1994 Langley was convicted of possession with intent to distribute heroin, for which he received a sentence of five years' imprisonment.

6

Paragraph 43 of the PSR reflects that Langley was convicted of possession with intent to distribute heroin. That offense occurred in May 2001, and in June 2002 Langley was sentenced to a term of 10 years' incarceration. Paragraph 46 of the PSR indicates that in June 2002, Langley received a concurrent ten-year sentence for possession with intent to distribute both cocaine and heroin. That offense occurred in August 2001. And, the PSR reflects in Paragraph 50 that Langley received a five-year sentence, without parole, for possession of a handgun by a convicted felon, which also occurred in August 2001. That offense, however, did not score any points, nor is it relevant to the determination of Armed Career Criminal.

In sum, the Presentence Report (ECF 34) reflects that Langley had three prior and distinct serious drug offenses. All three of these offenses involved cocaine or heroin and are serious and distinct drug offenses. The underlying offense to which the defendant pleaded guilty – felon in possession – did not enhance the defendant's sentence. Rather, that offense, coupled with defendant's three prior qualifying offenses, led to his designation as an Armed Career Criminal.

The government correctly maintains that *Johnson* is of no help to Langley. *See* ECF 43 at 2. This is because *Johnson* invalidated as unconstitutionally vague the residual clause of the ACCA definition for "violent felony." *Johnson*, 135 S. Ct. at 2558. However, Langley was not found to be an Armed Career Criminal based on prior offenses that were deemed to be violent felonies. Rather, he was determined to be an Armed Career Criminal based on three distinct, serious drug offenses.

Petitioner also relies on *Stinson v. United States*, 113 S. Ct. 1913 (1993), in support of his argument that he erroneously received the ACCA enhancement. In part, *Stinson* concluded that "[f]ederal courts may not use the felon-in-possession offense as the predicate crime of violence for purposes of imposing the career offender provision of U.S.S.G. § 4B1.1 . . . ." *Id.* at

1920. However, petitioner was never determined to be an Armed Career Criminal pursuant to U.S.S.G. § 4B1.1. Rather, he was found to be an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), and was thus subject to an enhanced statutory penalty. Accordingly, *Stinson* does not apply here.

    For these reasons, I shall deny the Motion to Vacate, Set Aside or Correct Sentence.

    A Certificate of Appealability shall not issue. An Order follows.

Date: July 15, 2016                  /s/
                                                          Ellen L. Hollander
                                                          United States District Judge